BUTLER v. UNDERWOOD.

4-7580                              186 S. W. 2d 667

Opinion delivered April 2, 1945.

*W. J. Dungan,* for appellant.

*Owens, Ehrman & McHaney,* for appellee.

McHANEY, J.   While this case is styled in this court in the name of Butler, he has in fact no interest in the case and has not appealed. The real appellants are Jesse and Hugh Carey and their wives. These appellants bought the 80 acres of land here involved in 1927 from the American Investment Company of Oklahoma City, Oklahoma, hereinafter called American, and it acquired said land at a previous foreclosure on certain notes and a second mortgage on said land executed by said Butler and wife to it in 1917.. There was also a note for $1,100 secured

by a first mortgage executed by the Butlers in 1917 to American, but it was sold and assigned of record to Rockford Trust Company of Rockford, Illinois, in 1918. Certain payments were made by the Careys in 1927, '28 and '29, they having assumed the first mortgage indebtedness in their deed from American.

This action was begun in 1937 by American to foreclose for the full amount of said indebtedness, the Careys having made default in their payments. Appellee intervened and set up his rights as the real owner of the note and mortgage by virtue of an assignment thereof from the receiver of the Rockford Trust Company which had failed and was in process of liquidation in an Illinois court. The receiver was authorized by said court to sell and assign same as an asset in his hands.

Trial resulted in a judgment against J. H. Butler and his wife, the Careys and their wives and a decree of foreclosure was granted, ordering the 80 acres of land sold to pay said judgment. The Careys and their wives alone have appealed.

For a reversal it is argued first that appellee is not the legal owner of the note and mortgage sued on. This contention is based upon two points. One is that the note and mortgage were in litigation at the time of their assignment by order of the circuit court of Winnebago county, Illinois, March 29, 1938, wherein the Rockford Trust Company and Charles H. Albers were parties, and that § 8259 of Pope's Digest would have to be complied with in order to substitute appellee for them in this action. The other is that the Illinois court authorized its receiver, Charles H. Albers, to sell this note and mortgage which it referred to as asset No. 10, whereas the assignment filed was executed, not by Albers as receiver, but by Edward J. Zeiner as deputy receiver. We think these arguments are without substantial merit. If appellee were in possession of the note and mortgage wrongfully, the receiver of the Illinois court would be the one to complain about it. Both the Rockford Trust Company and Albers, receiver, were made parties and they have not

complained, nor have they appealed. The Careys do not contend that they have paid the indebtedness, nor that the amount of the judgment rendered against them is in error.

Appellants pleaded the statute of limitations, § 8933 of Pope's Digest, and this is the principal argument made for a reversal of the decree against them. This plea cannot be sustained. In 1935, the Careys entered into an escrow agreement with American by which the latter agreed to and did deposit with Farmers National Bank of Oklahoma City a warranty deed to 80 acres of land in Woodruff county, Arkansas, to be delivered to the Careys on the payment of $1,200 in seven notes executed by them and the interest thereon, the notes and interest payments falling due each year from November 1, 1935, to November 1, 1941, and all taxes then due or delinquent or to become due. In addition the Careys executed and delivered to American a crop mortgage on all crops grown on said land in 1935 as further security for the $200 payment becoming due on November 1, 1935. Appellants did not deny the execution of said instruments, but said they were executed and delivered in connection with the proposed purchase of other land. The evidence on this point is in dispute. The trial court found against them and we think this finding is supported by the preponderance of the evidence. In doing this, American was acting as agent for Rockford Trust Company, in servicing said loan.

The other contention is that the court erred in rendering judgment against the wives of the Careys. Appellee concedes that no personal judgment should have been rendered against them as neither of them signed the note here involved. The decree will be affirmed as to Jesse and Hugh Carey, but the money judgment against Edith Carey and Willie Carey will be reversed. Costs will be adjudged against Jesse and Hugh Carey.